UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

IN RE: APPLICATION OF THE UNITED
STATES OF AMERICA FOR ORDER
PURSUANT TO THE TREATY ON MUTUAL
ASSISTANCE IN CRIMINAL MATTERS AND
TITLE 18, UNITED STATES CODE,
SECTION 3512

Request for Assistance from Poland, U.S.
Criminal Matter: 182-61409

_____/

## APPLICATION FOR ORDER TO APPOINT COMMISSIONER

The United States of America, by and through its undersigned counsel, hereby files this *Application for Order to Appoint Commissioner*, pursuant to 18 U.S.C. § 3512, appointing Assistant United States Attorney Michael B. Nadler, or a substitute or successor, subsequently designated by the Office of the United States Attorney, as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the above captioned request from the Republic of Poland made pursuant to the Treaty.  In support of this application, the United States asserts:

### RELEVANT FACTS

On November 6, 2017, the Minister of Justice, Republic of Poland, submitted a request for assistance (hereinafter, the Request) to the United States of America, pursuant to the Agreement comprising the instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the Treaty Between the United States of America and the Government of the Republic of Poland on Mutual Legal Assistance in Criminal Matters, U.S.-Pol., July 10, 1996,

S. TREATY DOC. NO. 105-12 (1997) (hereinafter, the Treaty).  Under the Treaty, the United States of America has an obligation to render assistance to the Republic of Poland.

The Minister of Justice, Circuit Prosecutor's Office, Krosno, Poland is conducting an criminal investigation, reference number PO 1 Ds 42.2016, for having committed a crime under Article 286, section 1 of the Polish Penal Code, Article 270, section 1 of the Polish Penal Code, Article 12 of the Polish Penal Code, and Article 65, section 1 of the Polish Penal Code; which occurred between January 1, 2015 through March 31, 2017 (a copy of the Excerpt from Act June 6, 1997, Polish Penal Code (Journal of Laws of July 29, 2016 item 1137 as amended), applicable law is included as Attachment A).

According to Polish authorities, O.B. (the President) was serving as the president of the management board on four Polish limited liability companies, Logistic Center, LLC, Butterfly, LLC, Inter Trans, LLC, and Parma, LLC.  During his tenure, the President, established the Polish company Mustang SK and the American company Viking Trade, LLC. The President submitted Valued-Added Tax (VAT) reports from September 2015 through December 2015 from Viking Trade, LLC to the Revenue Office of Krosno.  In the report, invoices included transactions by Viking Trade with Mustang-SK and with other Polish companies for employees and equipment.  Based on the invoices submitted by the President, the Revenue Office of Krosno paid Viking Trade 1,616,544 PLN ($449,774 USD)

To further their investigation, the Polish authorities have asked the U.S. Department of Justice, Office of International Affairs, to:

Determine whether Viking Trade, LLC was a registered U.S. company during the period of January 1, 2015 through June 30, 2016;

Provide the names and information of all company representatives from January 1, 2015 through June 30, 2016;

Provide information about Viking Trade, LLC during the period of January 1, 2015 through June 30, 2016 (i.e. information from their websites);

Investigate whether Viking Trade, LLC paid taxes between January 1, 2015 through June 30, 2016 and if tax inspections were conducted on Viking Trade LLC.  If so, provide the dates and results of those inspections;

Interview all available employees of Viking Trade, LLC;

Provide all shareholders information (if applicable) of Viking Trade, LLC between the period of July 1, 2015 through March 30, 2017, and who served as the company's President of the Management Board during this time;

Investigate whether Viking Trade, LLC has any bank accounts in the United States.  If so, obtain all related bank account records/history for the period of January 1, 2015 through December 12, 2016.

## LEGAL BACKGROUND

A.    The Treaty

A treaty constitutes the law of the land.  U.S. Const. art. VI, cl.2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

The United States and the Republic of Poland entered into the Treaty for purposes of desiring to improve the effectiveness of the law enforcement authorities of both countries in the investigation, prosecution, and prevention of crime through cooperation and mutual legal assistance in criminal matters.  Preamble to the Treaty.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related

3

proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  In addition, Article 5(1) of the Treaty, like 18 U.S.C. § 3512, states:

> The Central Authority of the Requested State shall promptly execute the request or, when appropriate, shall transmit it to the authority having jurisdiction to do so.  The competent authorities of the Requested State shall do everything in their power to execute the request.   The judicial or competent authorities of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.

B.      <u>18 U.S.C. § 3512</u>

When executing a treaty or non-treaty request for assistance from a foreign authority, the designated attorney for the Government may file an application to obtain any necessary court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

An application for execution of a request under this section may be filed in this district, where the majority of the evidence is located.

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.  Section 18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

4

Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

An application is duly authorized by an appropriate official of the U.S. Department of Justice, Office of International Affairs which serves as the "Central Authority" for the United States of America; has reviewed and authorized the request, and executes the request itself or delegate execution of the request to another attorney for the Government.[2]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

C.    REQUEST FOR ORDER

As evidenced by a letter of referral dated April 20, 2018 from the Office of International Affairs to the United States Attorney's Office, Southern District of Florida, for execution of the request. Consequently, this application for an Order appointing the undersigned Assistant U.S. Attorney as a "Commissioner," to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section

3512.  In addition, the Request was submitted by an appropriate "foreign authority."  The Minister

of Justice, the designated Central Authority in the Republic of Poland for requests made pursuant

to the Treaty.  Furthermore, the Order is necessary to execute the Request, and the aforementioned

assistance requested, falls squarely within that contemplated by both the Treaty and Section 3512.

Lastly, the witnesses sought and documents requested, appear to be located in the Southern District

of Florida.

Both Section 3512 and the Treaty authorize the use of compulsory process in the execution

of treaty requests comparable or similar to that used in domestic criminal investigations or

prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and

criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no

notice to targets or defendants), an order  and commissioner subpoena issued in execution of a

treaty request pursuant to Section 3512 and the applicable treaty, likewise should require no notice

other than to the recipients.  This is true even if the Requesting State, as here, seeks financial

records, because the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., including its notice

provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S.

Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters

of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re

Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of

Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a

commissioner to collect the evidence requested without notice to any person other than the

recipient of the commissioner subpoena.

Therefore, the United States respectfully requests this Court issue the attached Order,

pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney or a substitute or successor,

subsequently designated by the U.S. Attorney's Office, Southern District of Florida as a commissioner, authorized to take the actions necessary, including the issuance of a commissioner subpoena, to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By:     /s/ *Michael B. Nadler*
        Michael B. Nadler
        Assistant United States Attorney
        Florida Bar No. 51264
        U.S. Attorney's Office-SDFL
        99 NE 4th Street
        Miami, FL 33132
        Tel.    (305) 961-9244
        Email: Michael.Nadler@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2018, 2018, the foregoing document was

filed with the Clerk using CM/ECF.


/s/ *Michael B. Nadler*
Assistant United States Attorney